UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARFAN SHEIKH, | ) |
| PLAINTIFF (Debtor), | ) |
| v. | ) 11 A 1934 |
| VILLAGE AUTO BODY AND TOWING, INC., | ) |
| DEFENDANT (Creditor). | ) |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This cause is before the court on the Plaintiff's motion for default judgment, due notice having been given and the court being advised in the premises; following the entry of an order of default against the Defendant, Village Auto Body and Towing, Inc., the following findings of fact and conclusions of law are made and entered:

1. The Plaintiff brings this action pursuant to Section 523 of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. (the "Code") and seeks a determination that a claim for vehicle towing and storage fees, imposed by a state statute, by the Defendant, Village Auto Body and Towing, Inc. is dischargeable.

2. The Plaintiff is the Debtor in In re Arfan Sheikh (11 B 24693) This court has jurisdiction over this adversary proceeding under 28 U.S.C. §1334(h). By virtue of 28 U.S.C. § 157(a) and Local Rule 2.33 of the United States District Court for the Northern District of Illinois, this adversary proceeding is automatically referred to the Bankruptcy Court.

3. This proceeding is brought pursuant to 11U.S.C.§523(a)(7) and is a core proceeding under 28 U.S.C. §157(b)(2)(I). The Bankruptcy Court has jurisdiction under 28 U.S.C. §157(b) to hear and determine this adversary proceeding.

4. Venue is proper in this district pursuant to 28 U.S.C. 1409(a) for the reason that the Debtor filed his Petition for relief under Chapter 7 of Title II U.S.C. in this district.

5. On September 28, 2011, the Plaintiff served, by mail, a copy of the summons and the adversary complaint on the Defendant, Village Auto Body and Towing, Inc. and the registered agent for the Defendant.

6. The Defendant, Village Auto Body and Towing, Inc., has not filed an answer or other responsive pleading and has not otherwise appeared before this court and the court finds the Defendant to be in default.

7. On September 21, 2011, the The Plaintiff, Arfan Sheikh, who is the Chapter 7 Debtor and Plaintiff herein was granted a discharge under section 727 of title 11 of his dischargeable debts.

8. Village Auto Body and Towing, Inc. (an Illinois corporation) claims the sum of $1,075 is due from the Plaintiff arising out of the removal of a 1994 Acura Legend (VIN JH4KA7663RC022658) ("Vehicle") from the public streets of Norridge, IL.

9. Village Auto Body and Towing claims under 625 ILCS 5/4-203; "Removal of motor vehicles or other vehicles; Towing or hauling away" the right to impose upon the owner of a vehicle, towing and storage charges arising from the removal of the Vehicle from the public streets of Norridge, IL.

## CONCLUSIONS OF LAW

10. The Vehicle was owned by Sheikh Discount, Inc., the Debtor had no ownership interest in the Vehicle and is therefore not legally responsible for the claim of Village Auto Body and Towing, Inc.

11. The claim held by Village Auto Body and Towing, Inc. is not a penal fine, such as a parking ticket that would be non-dischargeable within the meaning of 11 U.S.C. §523(a)(7) and Village Auto Body and Towing is not a political subdivision or attempting to collect a penal fine on behalf of the Village of Norridge, IL.

IT IS ORDERED that judgment will separately be entered as follows:

12. The Plaintiff-Debtor, Arfan Sheikh, is not liable for the claim of Village Auto Body and Towing, Inc. and that in the alternative, if the claim of Village Auto Body and Towing was a debt of the Debtor, that debt is dischargeable and was discharged on September 21, 2011.

13. The Plaintiff shall bear his own costs and fees.

Dated this _____ day of December, 2011

ENTER: _____

DEC 5 2011

Matthew M. Litvak, Esq.
155 N. Harbor Drive
Suite 4301
Chicago, IL 60601-7324
312-337-8131
FAX 888-560-8011
Atty #6208529